**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NYCERE BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-cv-146-DDN |
| | ) |
| HERBERT BERNSEN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Petitioner Nycere Bey, a/k/a Curtis L. Flanagan, is currently a pretrial detainee at the St. Louis County Justice Center. He commenced this action in this Court on January 5, 2018, but he neither paid the filing fee nor sought leave to proceed in forma pauperis. In an order dated February 2, 2018, the Court ordered him to do one or the other. Petitioner's response was due to the Court on February 23, 2018. As of the date of this Memorandum and Order, he has filed nothing. This action is therefore subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

The petition is also subject to dismissal pursuant to 28 U.S.C. § 1915A, which requires this Court to dismiss a case filed by a prisoner if it determines that it is frivolous or malicious, or that it fails to state a claim on which relief may be granted.

Although pretrial habeas jurisdiction exists, it should be exercised only where extraordinary or special circumstances exist, and the petitioner has exhausted state court remedies. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). In this case, petitioner

claims he is the "executor trustee and secured creditor of debtor (Curtis Lamarr Flanagan); which is a transmitting utility and a trust." (Docket No. 1). He cites two criminal cases which are currently pending in the 21st Judicial Circuit Court in St. Louis County: *State v. Curtis L. Flanagan*, Case No. 17SL-CR10203 (21st Jud. Cir. Dec. 4, 2017) and *State v. Curtis L. Flanagan*, Case No. 17SL-CR09616-01 (21st Jud. Cir. Dec. 14, 2017).[1] He claims he is the "primary lien holder in due course," and did not give Stephen Reynolds (the public defender representing petitioner in both cases) or Mary E. Ott (the judge presiding over case number 17SL-CR10203) authority to make decisions on behalf of his trust. (Docket No. 1). He concludes that the state court lacks jurisdiction or authority over him, and asks this Court to order it to "cease and desist with all unlawful infringement" with respect to the two pending cases. *Id.*

The petition presents no extraordinary or special circumstances warranting habeas relief, and in fact, it is frivolous. The terminology and phrases petitioner uses are the type often used by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts. Similar arguments have been summarily rejected as frivolous by this United States District Court and other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous). The petition is subject to dismissal on this basis, as well. *See* 28 U.S.C. § 1915A.

Accordingly, for all of the foregoing reasons,

---

[1] In case number 17SL-CR10203, petitioner is facing a felony charge of property damage, and a misdemeanor charge of trespassing. In case number 17SL-CR09616-01, petitioner is facing felony charges of forgery and filing a property lien to harass/defraud.

2

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of March, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE